IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. RUMBERGER,<br><br>             Plaintiff,<br><br>      v.<br><br>SPRINT CORPORATION,<br><br>             Defendant.<br>_____/ | No. C 05-04050 JSW<br><br>**ORDER TO SHOW CAUSE RE JURISDICTION** |

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

Defendant Sprint Corporation ("Sprint") removed this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"). The CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5,000,000, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). Under CAFA, the claims of the individual class members are aggregated to determine the amount in controversy. 28 U.S.C. §§ 1332(d)(6).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. The CAFA does not shift burden of proof to a plaintiff to demonstrate that jurisdiction is lacking. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *see also Ongstad v. Piper Jaffray & Co.*, __ F. Supp. 2d __, 2006 WL 14399, *2 (D.N.D. Jan. 4, 2006); *Judy v. Pfizer, Inc.*, 2005 WL 224088, *1 (E.D. Mo. Sept. 14, 2005). Thus, Sprint must demonstrate, by a reasonable probability, that the amount in controversy exceeds $5,000,000, given Plaintiff Timothy P. Rumberger ("Rumberger")'s demands. *Brill*, 427 F.3d at 448-9.

Here, Rumberger is suing Sprint for allegedly raising the payphone surcharge for prepaid telephone calling cards above the stated price of $.50. (Compl., ¶¶ 1,27.) Rumberger alleges that the total membership in the purported class is in the tens of thousands, if not greater. (*Id.* at ¶ 29(a). Sprint currently charges a surcharge of $1.25. (*See* Amended Declaration of Stephanie Koetting in Support of Sprint's Motion to Dismiss, ¶ 2, Ex.1.) It is not clear how many customers purchased prepaid telephone calling cards with a stated surcharge price of $.50, but were actually charged more. Nor is it clear how much more the customers were charged. Without such information, the Court cannot determine whether there is a reasonable probability that the amount in controversy exceeds $5,000,000.

Therefore, the Court HEREBY ORDERS Sprint to show cause why this case should not be remanded for lack of jurisdiction by no later than February 2, 2006. Rumberger may file a response by no later than February 9, 2006. The Court FURTHER ORDERS that the hearing on Sprint's motion to dismiss currently set for January 20, 2006 is VACATED. The Court will reset a hearing on Sprint's motion, if necessary, after the issue regarding jurisdiction is resolved.

**IT IS SO ORDERED.**

Dated: January 18, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE