IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. RUMBERGER, | No. C 05-04050 JSW |
| Plaintiff, | |
| v. | **ORDER (1) DISCHARGING ORDER TO SHOW CAUSE, AND (2) GRANTING IN PART AND DENYING PART SPRINT'S MOTION TO DISMISS** |
| SPRINT CORPORATION, | |
| Defendant. | |

Now before the Court is Defendant Sprint Corporation's ("Sprint") Motion to Dismiss and Sprint response to this Court's Order to Show Cause ("OSC") why this case should not be remanded for lack of jurisdiction. The Court finds that in response to this Court's OSC, Sprint sufficiently demonstrates that there is a reasonable probability that the amount in controversy exceeds $5,000,000. Therefore, the Court HEREBY DISCHARGES the OSC and will address Sprint's pending motion to dismiss.

Sprint's motion to dismiss is fully briefed and ripe for decision. The Court finds this motion suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS IN PART and DENIES IN PART Sprint's motion.

**BACKGROUND**

Plaintiff Timothy P. Rumberger ("Plaintiff") brings this purported class action on behalf of himself and others similarly situated with respect to Sprint's pre-paid calling cards. Plaintiff

1  contends that Sprint represented that a surcharge of $.50 or the minute rate equivalent would
2  apply to use of the pre-paid calling cards but then actually charged more.  The Court will
3  address the additional specific facts as required in the analysis.

## ANALYSIS

### A.  Legal Standard on a Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  Thus, dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984).  The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged.  *Cleggy v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.  Such consideration does not convert the motion to dismiss into a motion for summary judgment.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003).

### B.  Plaintiff Sufficiently Alleges He Paid Excess Surcharges.

Sprint contends that all of Plaintiff's claims fail because he has not sufficiently alleged that he was actually charged and paid a telephone surcharge in excess of the represented rate of $.50.  More specifically, Sprint contends that based on Plaintiff's failure to plead such allegations sufficiently, he fails to (1) demonstrate an injury in fact sufficient to demonstrate

standing; (2) allege that he is a member of the class for which he brings this action; (3) allege any damages caused by Sprint; and (4) allege any breach of contract.

In his Second Amended Complaint ("SAC") Plaintiff makes the following allegations:

> 18. The Representative Plaintiff ... during the relevant time period identified herein, purchased and used (or attempted to use) SPRINT's Pre-paid calling cards, yet did not receive the full value of the service promised by SPRINT.
> ...
> 20. The Plaintiff Class consists, generally, of all persons who purchased ... Pre-paid calling cards from SPRINT at any time during the class period ... and to whom the value of SPRINT's Pre-paid calling cards, as identified on the reverse side of the card themselves, was misrepresented by Defendant.
> 21. At all times herein relevant, the Representative Plaintiff was and now is a person within each Class of persons further described and defined herein.
> ...
> 31. On numerous occasions during the respective class periods, Representative Plaintiff and/or members of the Plaintiff Class purchased SPRINT Pre-paid calling cards in reliance on SPRINTS promise that a "a U.S. payphone surcharge of $.50 will apply, or the minute rate equivalent" with respect to usage of its Pre-paid calling cards.
> ...
> 33. Despite this representation, these SPRINT Pre-paid calling cards, on many occasions during the class period, in fact charged a surcharge exceeding "$.50" and/or "the minute rate equivalent."
> 34. By failing to limit "U.S. payphone surcharge[s]" as promised, SPRINT breached its agreements with the Representative Plaintiff and members of the Plaintiff Class.

Although Plaintiff could have alleged more clearly that he personally was charged and paid a telephone surcharge in excess of the advertised rate, reviewing the above allegations, along with all reasonable inferences, the Court concludes that he sufficiently alleges he purchased calling cards and was charged a rate in excess of $.50 or the minute rate equivalent. If, after conducting discovery, Sprint can demonstrate that Plaintiff did not actually purchase any phone cards during the relevant period or was not actually charged more than $.50 or the minute rate equivalent in surcharges, Sprint may address this issue on a motion for summary judgment.

**C.  The "Subject To Change" Language Does Not Warrant Dismissal.**

Sprint also argues that because the back of the phone cards states the rates are "subject to change," Plaintiff and the purported class have no basis upon which to sue for being charged more than $.50. Plaintiff does not dispute that the Court may consider the "subject to change" language on this motion to dismiss, but rather, argues that the amount Sprint could have increased the rates pursuant to this "subject to change" phrase was ambiguous.

3

Under California law, "[t]he interpretation of contracts ... involves a complex interplay of questions of fact and questions of law." *City of Santa Clara v. Watkins*, 984 F.2d 1008, 1012 (9th Cir. 1993). Whether a contract term in a written agreement is ambiguous is a question of law for the Court to decide. *Id*. A contract term is ambiguous if it is reasonably susceptible to more than one meaning. *ASP Properties Group v. Fard, Inc.*, 133 Cal. App. 4th 1257, 1270 (2005). In order to determine whether a contract term is ambiguous, "[e]ven if the written agreement is clear and unambiguous on its face, the trial judge must receive relevant extrinsic evidence that can prove a meaning to which the language of the contract is 'reasonably susceptible.'" *City of Santa Clara*, 984 F.2d at 1012. At this procedural stage, the Court declines to hold as a matter of law that there is no evidence which may demonstrate that the phrase "subject to change" is not reasonably susceptible to more than one meaning, and thus unambiguous, with respect to the amount Sprint was authorized to increase rates without further notice.

**D.      Plaintiff Sufficiently Alleges Fraud and Negligent Misrepresentation.**

Under California law, a plaintiff alleging a fraud claim must show five elements: misrepresentation, knowledge of falsity, intent to defraud or to induce reliance, justifiable reliance, and resulting damage. *Lazar v. Superior Ct. of Cal.*, 12 Cal. 4th 631, 638 (Cal. 1996). With the exception of intent to induce reliance, a claim for negligent misrepresentation requires allegations of the same elements. *Cadlo v. Owens-Illinois, Inc.*, 71 Cal. App. 4th 512, 519 (2004).

Sprint contends that both causes of action must be dismissed for failure to meet the particularity requirements of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). According to Rule 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." However, Rule 9(b) particularity requirements must be read in harmony with Federal Rule of Civil Procedure 8's requirement of a "short and plain" statement of the claim. Thus, the particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir.

4

1989); *see also In re Glenfed Inc. Secur. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc); *Anthony v. YahooA Inc.*, __ F. Supp. 2d __, 2006 WL 708572, *5 (N.D. Cal. March 17, 2006) (citing *Indiana Bell Telephone Co. v. Ward,* 2002 WL 32067296 *3 (S.D.Ind.2002) ("Rule 9(b) applies to the specifics of alleged misrepresentations, but the notice pleading requirements of Rule 8 apply to other aspects of the plaintiff's complaint, such as damages, reliance, or a defendant's state of mind")).

Here, Plaintiff alleges that from August 24, 2001 to the present, Sprint stated on its pre-paid calling cards, and on it advertisements and marketing materials regarding these cards, that a payphone surcharge of $.50, or the minute rate equivalent, would apply to its cards.  (SAC, ¶¶ 1, 8, 20.)  However, according to Plaintiff, Sprint charged more than this advertised rate.  (*Id*., ¶¶ 9, 18, 20, 33.)  The Court finds that Plaintiff alleges with sufficient particularity the circumstances constituting the alleged fraud to enable Sprint to adequately prepare an answer.

Plaintiff further alleges that customers relied on and were misled by this material misrepresentation, and that Sprint intended to influence customers in this manner.  (*Id*., ¶¶ 11, 31, 43.)  Pursuant to the notice pleading requirements of Rule 8, Plaintiff sufficiently alleges the remaining elements of fraud and negligent misrepresentation, such as reliance and Sprint's state of mind.  Accordingly, the Court concludes that Plaintiff sufficiently alleges claims for fraud and negligent misrepresentation.

**D.    Plaintiff Failed to File the Affidavit Required by the Consumer Legal Remedies Act.**

Plaintiff brings a claim pursuant to the California Consumer Legal Remedies Act, California Civil Code § 1750, *et seq*.  To maintain such a claim, a plaintiff is required to "file an affidavit stating facts showing that the action has been commenced in a county or judicial district described in this section as a proper place for the trial of the action" *concurrently* with filing the complaint. Cal. Civ. Code § 1780(c).  Section 1780(c) further provides that "[i]f a plaintiff fails to file the affidavit required by this section, the court *shall*, upon its own motion or upon motion of any party, dismiss the action without prejudice." *Id*. (emphasis added).  Plaintiff did not file the required affidavit concurrently with filing his complaint, but rather, filed the

affidavit in response to Sprint's motion. The statute does not provide the Court with discretion. It requires the Court to dismiss the action if a plaintiff fails to file the affidavit concurrently with the complaint. Therefore, the Court dismisses this claim without prejudice. Plaintiff may file an amended complaint with the required affidavit.

**E.   Plaintiff Sufficiently Alleges Claims under California Business & Professional Code §§ 17200 and 17500.**

To bring a claim for unfair business practices or deceptive advertising pursuant to California Business & Professional Code §§ 17200 and 17500, a plaintiff must allege an "injury in fact" and that he or she "lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code §§ 17204, 17535. Plaintiff alleges that he and other customers relied on Sprint's representations that "a U.S. payphone surcharge of $.50 ..., or the minute rate equivalent" would apply to its pre-paid calling cards. (SAC, ¶ 11.) Plaintiff further alleges that Sprint's alleged misrepresentation with respect to the surcharges "were intended to influence customers' purchasing decisions and were done with reckless disregard for the rights of consumers" and that "Representative Plaintiff's and Class members' reliance and *resultant substantial monetary loss* were reasonably foreseeable by [Sprint]." (*Id.*) (emphasis added).

Plaintiff also alleges as follows:

> 18.   The Representative Plaintiff ..., during the relevant time period identified herein, purchased or used (and attempted to use) SPRINT's Pre-paid calling cards, yet did not receive the full value of the service promised by SPRINT."
> ...
> 31.   ... Representative Plaintiff and/or members of the Plaintiff Class purchased SPRINT's Pre-paid calling cards in reliance on SPRINT's promise that "a U.S. payphone surcharge of $.50 will apply, or the minute rate equivalent" with respect to usage of its Pre-paid calling cards.
> ...
> 33.   Despite this representation, these SPRINT Pre-paid calling card, on many occasions during the class period, in fact charged a surcharge exceeding "$.50" and/or "the minute rate equivalent."
> 34.   By failing to limit "U.S. payphone surcharge[s]" as promised, SPRINT breached its agreements with the Representative Plaintiff and members of the Plaintiff Class.
> 35.   As a direct and proximate result of this defendant's breach of these agreements, Representative Plaintiff and the Plaintiff Class are entitle to recover actual damages in an amount to be established at trial.
> ...
> 39.   As a result of Defendant's wrongful conduct, Representative Plaintiff and members of the Plaintiff Class have suffered and continue to suffer economic losses ....

The Court finds that construed liberally and with all reasonable inferences drawn in Plaintiff's favor, Plaintiff sufficiently alleges that he suffered an "injury in fact" and "lost money or property as a result of" Sprint's alleged wrongful acts. The Court further finds that Plaintiff sufficiently alleges "unlawful" and "fraudulent" conduct. Accordingly, the Court denies Sprint's motion as to Plaintiff's claims for unfair business practices and deceptive advertising.

## CONCLUSION

For the forgoing reasons, the Court GRANTS Sprint's motion to dismiss as to Plaintiff's claim pursuant to the California Consumer Legal Remedies Act and DENIES Sprint's motion as to Plaintiff's remaining claims. The motion to dismiss Plaintiff's California Consumer Legal Remedies Act claim is granted without prejudice. Plaintiff shall file an amended complaint, if any, within twenty-one days of the date of this Order. If an amended complaint is filed, Sprint shall either file an answer or move to dismiss within twenty days of service of the amended complaint. If Plaintiff does not file an amended complaint, Sprint shall file an answer within twenty days after Plaintiff's time to file an amended complaint has expired.

**IT IS SO ORDERED.**

Dated: April 7, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE