1  Michele Floyd (SBN 163031)
   Kirsten J. Daru (SBN 215346)
2  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
3  San Francisco, CA 94111-3922

4  **Mailing Address:**
   P.O. Box 7936
5  San Francisco, CA 94120-7936

6  Telephone:  415.543.8700
   Facsimile:   415.391.8269
7
   Attorneys for Defendant Sprint Communications
8  Company L.P.

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11  TIMOTHY P. RUMBERGER, individually, and       No.: C 05 4050 JSW
    on behalf of all others similarly situated,
12                                                 **STIPULATED PROTECTIVE ORDER**
                    Plaintiffs,
13                                                 Honorable Jeffrey S. White
         vs.
14
    SPRINT CORPORATION and DOES 1 through
15  25, inclusive,

16                  Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05 4050 JSW

STIPULATED PROTECTIVE ORDER

DOCSSFO-12449984.1-KDARU

Upon agreement of the parties and in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, the Court enters this Protective Order.

## PROTECTIVE ORDER

## APPLICABILITY

1.      All documents produced in this litigation, whether or not marked as Confidential Information, shall be used solely for the purposes of this lawsuit and for no other purpose. The restrictions herein on the use and disclosure of Confidential Information shall apply to any documents or materials that incorporate, summarize, refer to, or contain Confidential Information. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## CATEGORIES AND LIMITATIONS

### A.   "CONFIDENTIAL" DESIGNATION

2.      Any party may designate as "Confidential Information" any document, deposition testimony, or discovery response that the party considers in good faith to qualify for protection under standards developed under F.R.Civ.P. 26(c).

A producing party shall designate any document containing Confidential Information by stamping on each page thereof containing Confidential Information the word "CONFIDENTIAL." In lieu of stamping the original documents, the producing party may stamp the copies that are produced or exchanged. The producing party shall designate other materials containing Confidential Information by stamping or marking them in a similar manner to the extent practicable. When Confidential Information is produced in a form not appropriate for such stamping or marking, it shall be designated in writing as Confidential Information at the time it is produced. A party may designate as "CONFIDENTIAL" any documents or materials containing Confidential Information produced by a non-party by providing written notice to all parties and the producing non-party of

Case No. C 05 4050 JSW                    –1–

DOCSSFO-12449984.1-KDARU

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   such designation. After any such designation, such documents and materials shall be fully subject to

2   this Protective Order and treated thereafter according to the new designation.

3        Any non-party witness or other person, firm or entity from which discovery is sought in this

4   lawsuit may also designate as "CONFIDENTIAL" any documents or material containing

5   Confidential Information produced or testified to by such non-party by designating such documents

6   or material as "CONFIDENTIAL." After such designation, such documents and materials shall be

7   fully subject to this Protective Order and treated thereafter according to the designation.

8        3.   Confidential Information shall not be disclosed to any person or entity other than:

9        (a)  Counsel of record and employees of counsel of record (such as paralegals,

10            clerks, secretaries, associates, and partners) actively engaged in this litigation,

11            their contractors, including outside copy services and litigation support teams

12            and in-house counsel representing the parties hereto;

13       (b)  Named plaintiffs who are actively engaged in assisting and/or advising

14            counsel regarding the conduct of this litigation;

15       (c)  Consultants and expert witnesses, (and the professional secretarial and clerical

16            staff of consultants and experts) who are retained by any party or its trial or

17            in-house counsel to furnish services in connection with this action, subject to

18            the requirements of paragraph 4 hereof;

19       (d)  Trial and appellate courts for this action, and court reporters and necessary

20            support personnel of such court reporters retained in connection with

21            depositions taken by any party in this litigation to the extent necessary to

22            transcribe the deposition testimony and identify exhibits marked in the course

23            of the deposition;

24       (e)  Employees of the party or non-party that produced the designated document

25            or material;

26       (f)  Persons who authored, prepared or received the Confidential Information in a

27            context outside this litigation; and

28   Case No. C 05 4050 JSW          —2—

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSSFO-12449984.1-KOARU

1      (g)     Witnesses (other than expert witnesses and consultants) while testifying at

2      deposition, hearing or trial. A percipient witness must agree to be bound by

3      this Protective Order before viewing the information designated as

4      "CONFIDENTIAL." At the request of any party, the deposition transcript

5      involving the Confidential Information must be designated as

6      "CONFIDENTIAL" pursuant to the terms of this Protective Order. Witnesses

7      shown Confidential Information are not allowed to retain copies.

4. Prior to any person identified in paragraph 3(c) hereof receiving another party's Confidential Information, such person shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the annexed Acknowledgment Of Protective Order And Agreement To Be Bound, Exhibit A, that he or she has read the Protective Order, understands it, and agrees to be bound by the terms thereof, including without limitation the obligation to protect Confidential Information from discovery by unauthorized co-employees and third persons.

**B.** **"CONFIDENTIAL—ATTORNEYS ONLY" DESIGNATION**

5. A party may designate Confidential Information as "CONFIDENTIAL—ATTORNEYS ONLY" if that party reasonably and in good faith believes that it will be placed at risk of suffering a significant competitive or commercial disadvantage if such Confidential Information is disseminated to another party. A party shall designate Confidential Information as "CONFIDENTIAL—ATTORNEYS ONLY" in accordance with the procedures set forth in paragraph 2.

6. Any Confidential Information designated as "CONFIDENTIAL—ATTORNEYS ONLY" may not be disclosed to any person or entity other than:

    (a)     Persons identified in paragraph 3(a) hereof;

    (b)     Persons identified in paragraph 3(c) hereof, subject to the requirements of paragraph 4, herein;

    (c)     Persons identified in paragraph 3(d) hereof;

Case No. C 05 4050 JSW     –3–

STIPULATED PROTECTIVE ORDER

DOCSSFO-12449984.1-KOARU

(d)     Persons identified in paragraph 3(e) hereof; and

(e)     Persons identified in Paragraph 3(f) hereof.

Absent consent of the producing party, "CONFIDENTIAL—ATTORNEYS ONLY" or documents and information may be used at deposition only with a witness who is an employee of the producing party or an author or recipient of the document.

## GENERAL PROVISIONS

### A.     USE OF CONFIDENTIAL INFORMATION

7.     Any person receiving Confidential Information pursuant to this Protective Order shall not disclose such Confidential Information to any person to whom disclosure is not authorized by the express terms of this Protective Order, and shall not make any other disclosure of such Confidential Information for any purpose whatsoever, commercial or otherwise.  Confidential Information shall not be used by any receiving person or party except in connection with the conduct of this litigation. Use by any person of Confidential Information for any purpose other than the conduct of this litigation shall be a violation of this Protective Order.

8.     Any person receiving Confidential Information pursuant to this Protective Order shall maintain such Confidential Information in a secure and safe area, and the recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody, and use of such Confidential Information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

9.     This Protective Order does not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial.  Prior to trial, upon application by any party, the Court may establish procedures for the use at trial of Confidential Information.

10.     Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential Information, provided that the Confidential Information itself or its contents shall not be disclosed except according to the terms of this Protective Order.

Case No. C 05 4050 JSW                          –4–

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

11.     Nothing in this Protective Order shall prevent any use by the producing party of the Confidential Information that it produces.

**B.     FAILURE TO DESIGNATE CONFIDENTIAL MATERIAL AND INADVERTENT DISCLOSURE**

12.     Failure of any party to designate Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS ONLY" at the time of production as provided above shall not preclude that party from thereafter in good faith making such a designation.   Documents and materials so designated shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation.   A receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

13.     The inadvertent production of documents or materials containing information protected from disclosure by the attorney-client privilege, work-product doctrine or any other privilege or immunity from discovery ("PROTECTED MATERIALS") shall be without prejudice to the right of any party to claim that such documents or materials are protected from disclosure and to request that such materials be returned to the disclosing party.   No party shall use the inadvertent delivery of such documents or materials as a basis for claiming a waiver.   As soon as practicable after realizing that protected materials have been inadvertently produced, the producing party shall send a notice to all recipients of protected materials regarding the inadvertent production and shall also identify the inadvertently produced protected materials by bates-number.   All recipients of such a notice shall immediately destroy all copies of protected materials identified therein without exception.

**C.     CONFIDENTIAL INFORMATION FILED WITH THE COURT**

14.     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information.   A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.

///

Case No. C 05 4050 JSW                          —5—

STIPULATED PROTECTIVE ORDER

**D.     SUBPOENAS OR DOCUMENT DEMANDS IN OTHER CASES**

15.     If any person or entity possessing Confidential Information is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Confidential Information, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the producing party, and shall, to the extent permitted by law, court rule, and court order, (1) withhold production of the requested Confidential Information until the producing party permits production, or until a court of competent jurisdiction orders otherwise; and (2) allow the producing party to move to quash or limit the subpoena or document demand.

**E.     DESIGNATION OF DEPOSITION TRANSCRIPTS AS CONFIDENTIAL**

16.     Before or during a deposition, and for up to ten (10) days after receipt of the transcript of that deposition, counsel for any party may designate the deposition or portions thereof as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS ONLY." This may be done before or after a deposition by sending a letter to counsel for each party specifying the deposition, or portion thereof and the designation to be applied. This may be done during a deposition by a comparable announcement on the record. The designated deposition shall be appropriately labeled by the court reporter or videographer. If the designation is made after the court reporter has prepared the transcript, then each counsel shall be responsible for appropriately labeling all of his or her copies of the deposition transcript. If deposition testimony is designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS ONLY" before or during a deposition, then only authorized recipients as defined in paragraphs 3 and 6 may attend the designated portion of the deposition. The court reporter or videographer for any such deposition shall be informed of the terms of this Order and shall be subject to its terms.

**F.     CHALLENGES TO DESIGNATIONS**

17.     A.     A party may object to the designation of a document or material as "CONFIDENTIAL." The objection shall be in writing and served on the party making the

Case No. C 05 4050 JSW                              —6—

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSSFO-12449984.1-KDARU

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  designation.  Any objection shall provide enough information to sufficiently identify the document,

2  including, where available, the Bates number.

3         (i)     Meet and Confer Process:  The parties will meet and confer to attempt to

4  resolve any objection.  If the parties cannot resolve the objection within fourteen (14)

5  days of service of the objection (or such longer period as the parties may agree), the

6  time period within which the party challenging the designation must make a motion

7  to the Court shall start upon the 14th and last day of the meet and confer period (or

8  such longer meet and confer period as the parties may agree).

9         (ii)    Moving Party:  If an objection is served within twenty (20) days of production

10  of the document or material, the party challenging a Confidential designation may

11  file a motion with the Court in opposition to the designation within twenty (20) days

12  after the end of the meet and confer process.  If the party challenging the designation

13  fails to file such a motion with the Court, the challenged document or material shall

14  be treated as Confidential.  If an objection is served more than twenty days after

15  production, the party challenging a Confidential designation shall be deemed to have

16  waived any such objection.

17      B.     Pending resolution of any dispute concerning such designation, all parties and

18  persons governed by this Protective Order shall treat as Confidential all documents or information

19  previously designated as Confidential under the terms of this Protective Order, unless the producing

20  party who claims that the information produced in discovery is Confidential withdraws such

21  designation in writing.

22  **G.**    **OTHER**

23      18.    Any person receiving Confidential Information pursuant to this Protective Order shall

24  agree to subject himself or herself personally to the jurisdiction of the Court in which this litigation

25  is pending for the purpose of proceedings relating to the performance under, compliance with, or

26  violation of this Protective Order.

27

28  Case No. C 05 4050 JSW              –7–

STIPULATED PROTECTIVE ORDER

19.     This Protective Order shall be without prejudice to the right of any party to oppose production of any information.  The existence of this Protective Order shall not be used by either party as a basis for discovery that is otherwise not proper under federal or state law.

20.     Any person may move the Court for a modification of or relief from the terms of this Order at any time upon notice to all parties.

21.     Any party serving a subpoena on any non-party shall, upon inquiry by the non-party, provide a copy of this Order to the non-party.

22.     Counsel of record shall be required to notify their respective clients (and all persons associated with their respective clients who have access to any Confidential Information) of their responsibilities pursuant to this Order.

23.     The terms of this Order shall be in full force and effect for the period of this litigation and shall remain in full force and effect upon resolution of any or all claims in this case.  Unless otherwise ordered by the Court or agreed to in writing by the producing party, each person permitted to review documents or materials containing Confidential Information shall return the documents to the producing party or destroy such documents or materials within thirty (30) days of final resolution of this action, including all appeals.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  9/14/06          .

REED SMITH LLP

By _____
Michele Floyd
Kirsten J. Daru
Attorneys for Defendant Sprint Communications
Company L.P. (erroneously sued as "Sprint
Corporation")

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. C 05 4050 JSW                    —8—

STIPULATED PROTECTIVE ORDER

DATED: *Sept. 14, 2006*.

SCOTT COLE & ASSOCIATES, APC

By _____

Scott Edward Cole
Clyde H. Charlton
Matthew R. Bainer
Attorneys for Plaintiff Timothy P. Rumberger

IT IS SO ORDERED.

DATED: ___September 18, 2006___

HONORABLE JEFFREY S. WHITE

STIPULATED PROTECTIVE ORDER

DOCSSFO-12449984.1-KDARU

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EXHIBIT A**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND**

I, _____, declare that:

1.     My address is _____

_____.

2.     My present occupation is _____, and I am currently employed by _____.

I have been retained by _____ with respect to this litigation.

3.     I have received a copy of the Protective Order in this action, and I have carefully read and understand its provisions.  I acknowledge that I am one of the persons contemplated in paragraphs 3, 5, or 6 thereof as being able to be given access to Confidential Information.

4.     I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit any Confidential Information that I receive in this action, except to the extent that such Confidential Information is or becomes public domain information or otherwise is not deemed Confidential Information in accordance with the Protective Order.

5.     I agree to subject myself personally to the jurisdiction of the Superior Court of the State of California, County of Alameda, or any other Court to which the case may be transferred, for the purpose of proceedings relating to my performance under, compliance with, or violation of this Protective Order.

6.     I understand that disclosure of Confidential Information in violation of this Protective Order may constitute contempt of court.

7.     I declare under penalty of perjury that the foregoing is true and correct.


Executed: _____
                     Print Name: _____
                     Date: _____, 2005

Case No. C 05 4050 JSW                              –10–

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSSFO-12449984.1-KDARU