**United States District Court**

For the Northern District of California

1

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  TIMOTHY P. RUMBERGER,

10          Plaintiff,                          No. C 05-04050 JSW

11     v.

12  SPRINT CORPORATION,                    **NOTICE OF TENTATIVE**
                                           **RULING AND QUESTIONS**
13          Defendant.
                                    /
14

15          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

16  NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE

17  HEARING SCHEDULED ON JUNE 22, 2007 AT 9:00 A.M.:

18          The Court has reviewed the parties' papers and, thus, does not wish to hear the parties

19  reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not

20  cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these

21  authorities reasonably in advance of the hearing and to make copies available at the hearing.  If

22  the parties submit such additional authorities, they are ORDERED to submit the citations to the

23  authorities only, without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).

24  The parties will be given the opportunity at oral argument to explain their reliance on such

25  authority.

26          Exhibits B through E attached to the Declaration of Stephanie Koetting are not legible.

27  The parties are directed to file legible copies of these exhibits and to provide chambers copies

28  by no later than 8:30 a.m. on June 21, 2007.  The parties' proposed notice incorrectly states that

the fairness hearing will be held in the courtroom of Ronald M. White.

United States District Court

For the Northern District of California

1    The Court **tentatively DENIES** Plaintiff's motion for preliminary approval of the class

2    settlement.  The parties shall each have 15 minutes to address the following questions:

3    (1)   When, as here, the parties enter into a settlement agreement before the Court has

4          certified the class, the court "must pay undiluted, even heightened, attention to class

5          certification requirements...." *Hanlon v. Chrysler Corp.* 150 F.3d 1011, 1019 (9th Cir.

6          1998) (internal quotes and citation omitted); *see also Ortiz v. Fibreboard Corp.*, 527

7          U.S. 815, 848-49 (1999) ("When a district court, as here, certifies for class action

8          settlement only, the moment of certification requires heightened attention.").  The

9          parties did not provide the Court with any argument or authority demonstrating that

10         certification of the proposed class would be proper.  In light of the heightened scrutiny

11         the Court must give to the issue of certification, how can the Court approve certification

12         for settlement purposes on this record?

13   (2)   The settlement does not include any injunctive relief.  Does Sprint continue to describe

14         the surcharge on its calling cards and advertisements for the calling cards in the same

15         manner that Plaintiff finds objectionable?

16   (3)   The parties propose publishing notice of the settlement one time in four regional

17         newspapers.  The proposed class consists of individuals who purchased Sprint calling

18         cards across California over a six year period.  Do the parties have any authority to

19         support the proposition that their suggested method of notice to reach this proposed

20         class is the best notice practicable.  *See Silber v. Mabon*, 18 F.3d 1449, 1453 (9th Cir.

21         1994) ("it would be error to rely solely on notice by publication").

22         (a)   Does Sprint know the actual addresses for any of the proposed class members?

23         (b)   Is Sprint going to post the notice on its internet website?

24         (c)   Have the parties considered publicizing the notice in a national publication in an

25               effort to reach proposed class members who do not live in California?

26   (4)   What is the estimated size of the proposed class?

27   (5)   Plaintiff states in his motion that "Sprint has made available to Plaintiff's counsel

28         documentation sufficiently persuasive to demonstrate a minimal amount of damage to

1    Class Members, *if any*, and over a very limited time frame." (Mot. at 12) (emphasis

2    added).

3        (a)    In light of Sprint's documentation, does Plaintiff still contend that he has

4               incurred any damages?

5        (b)    Did Sprint's documentation demonstrate that the amount of damages is limited

6               or that the merits are questionable, or both?

7    (6)   Is the proposed settlement a coupon-settlement pursuant to 28 U.S.C. § 1712?

8    (7)   Have the parties provided the notice to appropriate federal and state officials as required

9          by 28 U.S.C. § 1715?

10   (8)   The Settlement Agreement provides that claims are timely submitted if they are

11         postmarked by no later than the expiration of the claim deadline, which is set for

12         November 15, 2007.  The Settlement Agreement further provides that if the Claims

13         Administrator gives notice of a deficient claim, the class member shall have fifteen days

14         from the date of the Claim Administrator's written notice to cure the deficiency.  The

15         parties set a deadline of November 30, 2007 for curing timely but defective claims.

16         How will class members be treated who file timely but defective claims postmarked

17         November 15, 2007, but received several days later, and thus, not given notice to cure

18         the deficiencies until November 20, 2007?  In other words, would their claims be

19         redeemed if such class members cure their defective claims by December 5, 2007, which

20         is within 15 days of the notice to cure, but after the deadline of November 30, 2007?

21   (9)   The Settlement Agreement provides that Plaintiff's counsel will submit an application to

22         the Court for an award of settlement fees and for the proposed incentive award to be

23         paid to Plaintiff, but Plaintiff's motion does not address the deadline for such

24         applications and appears to argue that the proposed attorney's fees and incentive award

25         should be paid.  Are the parties seeking to have the attorney's fees and incentive award

26         approved in conjunction with the proposed settlement, or does Plaintiff intend to submit

27         a further application for such fee and award?

28

*United States District Court*
For the Northern District of California

3

**United States District Court**

For the Northern District of California

1     (10)    Do the parties have anything further they wish to address?

2

3     Dated: June 21, 2007                                    _____
                                                              JEFFREY S. WHITE
4                                                             UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4