IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. RUMBERGER, | |
|     Plaintiff, | No. C 05-04050 JSW |
|   v. | |
| SPRINT CORPORATION, | **NOTICE OF QUESTIONS** |
|     Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 7, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court notes that while Plaintiff argues that his counsel has substantial experience prosecuting complex litigation and class action lawsuits, he has not submitted any supporting evidence. Plaintiff's counsel is directed to submit a declaration providing such evidence by no later than September 14, 2007.

The parties shall each have 15 minutes to address the following questions:

(1) Plaintiff represents that counsel investigated the option of publishing notice in a national publication, but that "cost comparisons versus effectiveness seriously militated against such expenditure." What national publications did counsel investigate and what were the costs of providing notice through such publications?

(2) What is the cost of publishing a notice one time in the four California newspapers proposed by the parties? Are the parties intending to publish the notice in papers distributed on a weekend or weekday?

(3) Did the parties investigate the costs of providing notice in any other newspapers distributed beyond the proposed four in an effort to notify people who live outside of the four metropolitan areas? If so, what did the parties discover?

(4) Presumably, posting the notice on Sprint's internet website would not cost Sprint money and would likely reach many of Sprint's customers nationwide. Is Sprint going to post the notice on its internet website? If not, why not?

(5) Have the parties provided the notice to appropriate federal and state officials as required by 28 U.S.C. § 1715?

(6) Do the parties have anything further they wish to address?

Dated: September 6, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE