Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web:      www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RUMBERGER, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>vs.<br><br>SPRINT COMMUNICATIONS CO., L.P., and DOES 1 through 25, inclusive,<br><br>                    Defendants. | **Case No.: C O5 4050 JSW**<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT; PROVISIONALLY CERTIFYING SETTLEMENT CLASS; APPROVING NOTICE TO CLASS, CLAIM FORM, AND FORM OF ELECTION NOT TO PARTICIPATE IN SETTLEMENT; AND SETTING A HEARING FOR FINAL APPROVAL OF THE SETTLEMENT**<br><br>~~Date:   September 7, 2007~~<br>~~Time:   9:00 a.m.~~<br>~~Dept:   Courtroom 2, 17th Floor~~<br>~~Judge: Hon. Jeffrey S. White~~ |

**WHEREAS**, the Court has been advised that the parties to this action, through their counsel, have agreed, subject to Court approval following the Settlement Class and hearing, to settle this action upon the terms and condition set forth in the Stipulation of Settlement ("Stipulation"), filed herewith;

**WHEREAS**, the Named Plaintiff has indicated his approval as set forth in the Stipulation;

**NOW, THEREFORE**, based upon the Stipulation and all of the files, records, and proceedings herein, and it appearing to the Court, upon preliminary examination, that the settlement set forth in the Stipulation is fair, adequate, and reasonable, and that a hearing should and will be held after

notice to the Settlement Class to confirm that the Stipulation and settlement therein are fair, adequate and reasonable, and to determine whether a Judgement and Dismissal with Prejudice should be entered in this action based upon the Stipulation:

**IT IS HEREBY ORDERED THAT:**

1. This Order Preliminarily Approving Class Certification and Settlement, Notice of Pendency and Proposed Settlement of Class Action, and Setting Hearing Date for Final Approval of Settlement ("Preliminary Settlement Order") hereby incorporates by reference the definition in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. Pursuant to FRCP Rule 23, this Court preliminarily approves the settlement as set forth in the Stipulation, and finds that: (1) the settlement is fair, adequate and reasonable as to the Settlement Class and Defendant, and is the product of good faith, arm's length negotiations between the parties; and (2) the settlement as set forth in the Stipulation is consistent with public policy, and fully complies with the applicable provisions of law. Accordingly, the parties to the Stipulation are hereby directed to consummate and perform its terms.

3. Notice shall be provided to Class Members in the following manner only: Within ten (10) days after entry by the Court of its Preliminary Approval Order, Class Counsel shall establish a link on Class Counsel's website to the Class Notice and Claim Statement. Sprint Communications Co. L.P. shall publish the Summary Notice in the Los Angeles Times, San Diego Tribune, San Francisco Chronicle, and the Sacramento Bee within ~~thirty (30)~~ twenty (20) days after entry by the Court of its Preliminary Approval Order. Such Class Notice shall be in the form attached to the Stipulation of Settlement as Exhibit "A" of the Cole Declaration. The Defendant shall provide class counsel with an affidavit or declaration attesting that the Notice has been published no later than ten (10) days before the Fairness Hearing. Not later than ten (10) days before the Fairness Hearing, Class Counsel shall provide Defendant with an affidavit or a declaration attesting that a link has been established on Class Counsel's website.

4. Defendant's consent to the Stipulation, and the settlement provided for therein, may not be used or construed as an admission of liability or wrongdoing by Defendant, nor is this Preliminary Approval Order a finding of the validity of any claims in the Action or of any wrongdoing by

1  Defendant. Neither this Preliminary Approval Order, the Stipulation, nor any document referred to
2  herein, nor any action taken to carry out the Stipulation, and any negotiations or proceedings related
3  thereto, shall not, in any event, be construed as, or deemed to be, evidence of an admission or
4  concession by Defendant, and shall not be offered or received in evidence in any action or
5  proceeding against any party hereto in any court, administrative agency, or other tribunal for any
6  purpose whatsoever other than to enforce the provisions of the Stipulation and/or any judgement
7  entered pursuant thereto, or in any related agreement or release; except that the Stipulation may be
8  filed and used in this Action, or in any subsequent action against Defendant, to support a stay of
9  such subsequent action, or to establish a defense of res judicata, collateral estoppel, release, good
10 faith settlement, judgment bar, or reduction, or any other theory of claim or issue preclusion or
11 similar defense.

12     5. For purposes of the Stipulation and the proceedings herein, the Court orders that a settlement
13 class, defined in the Stipulation as "all California residents who purchased a Sprint Prepaid Calling
14 Card ("Prepaid Card") in the State of California between August 24, 2001 and the date of this Order,
15 who paid a U.S. Payphone surcharge in excess of that printed on the Prepaid Card or Cards which
16 he or she purchased during the class period, and who properly complete and return a Claim
17 Statement in a timely manner," is hereby certified; that Named Plaintiff Timothy Rumberger, is the
18 representative plaintiff for the Settlement Class; and that his counsel of record, Scott Edward Cole
19 and Matthew R. Bainer, of Scott Cole & Associates, APC, 1970 Broadway, Ninth Floor, Oakland,
20 California 94612 are appointed as Class Counsel for the Settlement Class. The certification of the
21 Settlement Class shall be binding only with respect to the settlement, the Stipulation, and this
22 Preliminary Approval Order. In the event that final approval of the Settlement as set forth in the
23 stipulation does occur, then the Stipulation shall be null and void, and shall be deemed terminated,
24 unless otherwise agreed to in writing by the Settling Parties.

25     6. The Court further:
26         a. Approves the form of Class Notice substantially in the form of Exhibit "B" to the
27 Declaration of Scott Edward Cole ("Cole Decl."), the Summary Notice in the form of Exhibit "C"
28 to the Cole Decl., and the Claim Statement substantially in the form of Exhibit "D" to the Cole Decl,

for publication;

   b. Requires that all Settlement Class Members who wish to participate in the settlement provided for in the Stipulation complete, sign, and timely submit a Claim Statement to the Claims Administrator, pursuant to and in compliance with the instructions contained in the Class Notice;

   c. Requires that all Settlement Class Members who wish to be excluded from the settlement provided for in the Stipulation sign, and timely submit, a Request for Exclusion, pursuant to and in compliance with the instructions contained in the Class Notice;

   d. Requires that Class Counsel will submit an application for an Incentive Award to the Representative Plaintiff in the Action;

   e. Orders that, pending final determination of whether the settlement contained in the Stipulation should be approved, neither the Named Plaintiff, nor any Settlement Class Member, shall, directly, representatively, or in any other capacity, commence or prosecute this Action, or any other proceeding, in any court, tribunal or administrative forum, asserting any of the Released Claims against the Released Parties, and that all discovery and other pre-trial proceedings in this action, except as may be necessary to implement the Stipulation of Settlement, are stayed.

   7. A hearing (the "Final Fairness Hearing") shall be held on __January 25, 2008 at 9:00__, ~~2007,~~ in Courtroom 2 of this Court, to determine whether the proposed settlement of this action is fair, adequate and reasonable, and should be approved. Named Plaintiff's papers in support of the proposed settlement, and any application for award of attorney's fees, costs and expenses to Class Counsel, and any application for Incentive Award to Named Plaintiff, shall be filed with the Court on or before ___December 21___, 2007. The Final Approval Hearing described in this paragraph may be rescheduled, postponed, adjourned, transferred, or continued as soon as practicable following, the Preliminary Approval Hearing, the Court shall enter Judgment in accordance with the Stipulation of Settlement that will adjudicate the rights of all Settlement Class Members, including the Named Plaintiff, should the proposed settlement be approved.

   8. Any Settlement Class Member who desires to be excluded from the Settlement Class must submit a Request for Exclusion from the Settlement __by no later than December 31, 2007.__ ~~sixty (60) days after publication of the Notice.~~ All such persons who properly and timely file a Request for Exclusion shall not be Class

1  Participants, and shall have no rights with respect to the settlement and no interest in the settlement
2  proceeds, and shall have no standing to object to the proposed settlement.

3      9. Any member of the Settlement Class who has not opted-out of the settlement and who
4  objects to the approval of the proposed Settlement may appear at the Fairness Hearing, in person or
5  through counsel, to show cause why the proposed settlement class should not be approved as fair,
6  adequate and reasonable, after following the procedures set forth in Section VIII of the Class Notice
7  and paragraph 10 below.

8      10. The Court shall not hear objections to the proposed settlement, nor consider any papers or
9  briefs submitted in support of said objections, unless, on or before the Final Date for Submission of
10 Claim Statements, those Settlement Class Members (other than Non-Participating Class Members)
11 who have such objections have filed with the Clerk of the Court, and served on counsel for the
12 parties by mail or other lawful means, a written statement objecting to the Class Settlement,
13 containing the factual and/or legal grounds for such objection and notice of intention to appear and
14 object at the Fairness Hearing. Non-Participating Class Members shall not have standing to object
15 to Class Settlement. Any Settlement Class member who does not make his/her objection to the
16 settlement in the manner and within the time provided in paragraph 11 below, and the Class Notice
17 shall be deemed to have waived any such objection, and may not later raise any objection at the
18 Final Approval Hearing, or by appeal, collateral attack, or otherwise.

19     11. Unless otherwise modified by the Court, the dates for performance are as follows:

20     a.. The Class Notice, Claim Statement, and Request for Exclusion Form shall be shall be
21 available as a link on the Class Counsel's Website no later than 10 days ~~before Fairness Hearing.~~ after the Court's entry of its Preliminary Approval Order.

22     b. Sprint Communications Co. L.P. shall publish a Summary Notice in the Los Angeles
23 Times, San Diego Tribune, San Francisco Chronicle, and the Sacramento Bee no later than ~~30~~ 20 days
24 after Preliminary Approval.

25     c. Sprint Communications Co. L.P. shall provide class counsel with an affidavit or a
26 declaration attesting that the Notice has been published pursuant to ¶5.3 of the Settlement
27 Agreement no later than 10 days before Fairness Hearing.

28     d. Class Counsel shall to provide Defendant with an affidavit or a declaration attesting

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    that
2    a link has established on Class Counsel's website pursuant to ¶5.1 of the Settlement Agreement no
3    later than 10 days before Fairness Hearing.
4         e.   All Settlement Class Members who wish to submit request to be excluded from the
5    Settlement shall do so ~~no later than 60 days after the date of initial publication.~~ by no later than December 31, 2007.
6         f.   All Settlement Class Members who wish to submit written objections to the Settlement
7    shall file and serve said objections ~~no later than 60 days after the date of initial publication.~~ by no later than December 31, 2007.
8         g.   If approved by the Court, Sprint Communications Co. L.P. shall provide class counsel with Forty-Five Thousand
9    dollars ($45,000) for attorneys' fees and costs no later than the first business day following 30 days
10   after Final Approval.
11        h.   If approved by the Court, Sprint Communications Co. L.P. shall provide Representative Plaintiff with Five
12   Thousand dollars ($5,000) for an enhancement award no later than the first business day following
13   30 days after Final Approval.
14        i.   All Settlement Class Members who wish to participate in the Class Settlement must
15   complete and submit a signed Claim Statement to the Claims Administrator ~~no later than 60 days~~
16   ~~after the date of initial publication.~~ by no later than December 31, 2007.
17        j.   All Settlement Class Member who file timely but defective Claim Statements shall
18   submit a corrected Claim Statement within 15 days of Claims Administrator providing notice of
19   deficiency.
20        k.   Claims Administrator shall commence distribution of no more than One-Hundred-
21   Twenty-Five dollars ($125,000) in $5 prepaid phone cards no later than 15 days after the deadline
22   to cure claim elapses and/or Claim Deadline, whichever is last to occur.
23        l.   Sprint Communications Co. L.P. shall complete distribution of no more than One-
24   Hundred-Twenty-Five dollars ($125,000) in $5 prepaid phone cards no later than the first business
25   day following 120 days after Final Approval.
26        m.   A Final Approval Hearing shall be held on __January 25, 2008 at 9:00__, ~~2007,~~ in Courtroom 2 of
27   this Court.
28

- 6 -
[~~Proposed~~] Order

1
2 **IT IS SO ORDERED.**
3
4 DATED: October 10, 2007

_____
5 The Honorable Jeffrey S. White

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 7 -
[Proposed] Order